No. 22-16094

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

◆

STATE OF CALIFORNIA et al.,
*Plaintiffs-Appellees*,

v.

DEBRA ANNE HAALAND,
in her official capacity as U.S. Secretary of the Interior, et al.
*Defendants-Appellees*,

&

STATE OF ALABAMA, et al.,
*Defendant-Intervenors/Appellants.*

◆

On Appeal from the United States District Court
for the Northern District of California
Case No. 4:19-cv-06013-JST

### STATE DEFENDANT-INTERVENORS/APPELLANTS' UNOPPOSED MOTION TO VOLUNTARILY DISMISS APPEAL

Paul Beard II

FISHER BROYLES LLP
5670 Wilshire Blvd., Ste 1800
Los Angeles, CA 90036-5653
(818) 216-3988
paul.beard@fisherbroyles.com

*Counsel for State
Defendant-Intervenors/Appellants*

February 7, 2023

Steve Marshall
   *Attorney General of Alabama*
Edmund G. LaCour Jr.
   *Solicitor General*
A. Barrett Bowdre
   *Deputy Solicitor General*
James W. Davis
   *Deputy Attorney General*

STATE OF ALABAMA
OFFICE OF THE ATTORNEY GENERAL
501 Washington Ave.
Montgomery, AL 36130
(334) 242-7300
Edmund.LaCour@AlabamaAG.gov

*Counsel for State of Alabama*

Pursuant to Federal Rule of Appellate Procedure 42(b)(2), the State Defendant-Intervenors/Appellants voluntarily move the Court for an order dismissing the above-captioned appeal. In support of this motion, the State Defendant-Intervenors/Appellants state as follows:

**Initial Proceedings in the District Court**

1. On August 27, 2019, Defendant-Appellees the United States Fish and Wildlife Service and the National Marine Fisheries Service ("Services") finalized revised regulations for implementing the Endangered Species Act (ESA). *See* 84 Fed. Reg. 44,753; 84 Fed. Reg. 44,976; 84 Fed. Reg. 45,020 (together, the "2019 Rules").

2. In late 2019, three lawsuits challenging the 2019 Rules were initiated in the United States District Court for the Northern District of California. *See Ctr. for Biological Diversity v. Haaland*, No. 4:19-cv-5206-JST (N.D. Cal. Aug. 21, 2019); *California v. Haaland*, No. 4:19-cv-6013-JST (N.D. Cal. Sept. 25, 2019); *Animal Legal Def. Fund v. Haaland*, No. 4:19-cv-06812-JST (N.D. Cal. Oct. 21, 2019). These lawsuits were brought by a coalition of nongovernmental organizations led by the Center for Biological Diversity; a coalition of states and cities led by the State of California; and the Animal Legal Defense Fund (together, "Plaintiffs").

3. These lawsuits were related on October 7, 2019, and since that time have largely proceeded according to the same schedule. *See* Order Relating Cases,

*Ctr. for Biological Diversity*, No. 4:19-cv-5206-JST (N.D. Cal. Oct. 7, 2019), ECF No. 19.[1]

4. Plaintiffs alleged that the 2019 Rules were promulgated in violation of the ESA, Administrative Procedure Act (APA), and the National Environmental Policy Act (NEPA). *See* ECF No. 90 in *Ctr. for Biological Diversity*; ECF No. 28 in *California*; ECF No. 62 in *Animal Legal Def. Fund*.

5. Between December 13, 2019, and January 7, 2020, three sets of Intervenor-Defendants moved for leave to intervene in each of the three related cases. *See* ECF Nos. 36, 41, 47.[2] Intervenor-Defendants' motions to intervene were granted on May 18, 2020. *See* ECF No. 89.

6. On July 7, 2020, the district court entered its first scheduling order. *See* ECF No. 101. That scheduling order was later modified several times. *See* ECF Nos. 102, 108, 111. Plaintiffs moved for summary judgment on January 18 and January

---

[1] The remainder of this motion will refer to documents by the district court's electronic docket number. Except where documents substantively differ as between each related case, reference will be made to the electronic docket number in the lowest numbered case: *Center for Biological Diversity v. Haaland*, No. 4:19-cv-5206-JST.

[2] Intervenor-Defendants are a coalition of industry associations led by the American Farm Bureau Federation (the "Industry Intervenors"); a coalition of private landowners and property rights advocates led by Washington Cattlemen's Association (the "Private Landowner Intervenors"); and a coalition of states led by the State of Alabama (the "State Intervenors") (together, "Intervenor-Defendants").

2

19, 2021. *See* ECF No. 116 in *Ctr. for Biological Diversity*; ECF No. 130 in *California*; ECF No. 86 in *Animal Legal Def. Fund*.

7. On January 20, 2021, President Biden issued Executive Order 13990 directing all federal agencies to review certain actions taken by the prior administration. *See* 86 Fed. Reg. 7037 (Jan. 25, 2021). The district court then entered several stays to permit review of the 2019 Rules. *See* ECF Nos. 123, 127.

8. On June 4, 2021, the Services announced their intent to initiate rulemaking to rescind or revise various provisions of the 2019 Rules. *See* ECF No. 129 at 3.

9. The Services then moved for an extended stay to permit completion of these rulemakings. ECF No. 132. The district court terminated Plaintiffs' summary judgment motions pending resolution of that stay motion. ECF No. 131.

10. On October 7, 2021, the district court denied the Services' stay motion, *see* ECF No. 138, and on October 15, 2021, it entered a stipulated scheduling order to restart summary judgment briefing, *see* ECF No. 141. Plaintiffs re-filed their motions for summary judgment that same day. *See* ECF No. 142 in *Ctr. for Biological Diversity*; ECF No. 162 in *California*; ECF No. 107 in *Animal Legal Def. Fund*.

### The Services' Remand Motion

11. In lieu of moving for summary judgment and filing substantive responses to Plaintiffs' summary judgment motions, the Services filed a motion for

3

voluntary remand without vacatur. *See* ECF 146 (the "Remand Motion"). The Services requested that the district court remand the 2019 Rules without vacating them, to allow the agencies to conduct a new rulemaking. *See* ECF No. 146 at 9–10.

12. On December 26, 2021, the district court suspended summary judgment briefing pending its ruling on the Services' Remand Motion. ECF No. 150.

13. Plaintiffs responded to the Services' Remand Motion by arguing that any remand should be accompanied by vacatur. *See* ECF No. 149. Alternatively, Plaintiffs argued that the district court should deny the Remand Motion and adjudicate the merits of their claims. *See id.*

14. Intervenor-Defendants—in the main[3]—did not oppose the Remand Motion. *See* ECF Nos. 151–153.

15. Intervenor-Defendants did, however, oppose Plaintiffs' request that remand be accompanied by vacatur. *See* ECF Nos. 151–153. They argued that in the absence of a finding on the merits that the 2019 Rules are unlawful, the district court did not possess the authority to vacate them. *See* ECF Nos. 151–153 (citing 5 U.S.C. § 706(2)(A)).

---

[3] The Private Landowner Intervenors partially opposed the Remand Motion to the extent it sought remand of certain provisions of the 2019 Rules that they contend were statutorily compelled. *See* ECF No. 152 at 19–24.

4

16. On February 24, 2022, the district court requested supplemental briefing to address the Services' compliance with NEPA in promulgating the 2019 Rules. ECF No. 155. The parties submitted that supplemental briefing between March 4, 2022, and March 12, 2022. *See* ECF Nos. 156–160.

17. In their supplemental briefing the Services renewed their request for remand without vacatur. *See* ECF No. 156 at 5–6. The Intervenor-Defendants restated their argument that vacatur without an adjudication of the merits would be illegal, ECF No. 157 at 6–7; ECF No. 158 at 4–5; ECF No. 159 at 8, and argued that Plaintiffs' NEPA claims could not justify vacatur under any circumstances, ECF No. 157 at 7–20; ECF No. 158 at 5–10; ECF No. 159 at 9–20. Plaintiffs argued that, because the 2019 Rules were promulgated in violation of NEPA, they must be vacated on that ground. *See* ECF No. 160.

### The District Court's July 5, 2022, Order, and this Appeal

18. On July 5, 2022, the district court entered an identical order in each of the three cases, vacating and remanding the 2019 Rules. ECF No. 168. It entered judgment that same day. ECF No. 169. The district court did so without adjudicating the merits of Plaintiffs' claims. *See* ECF No. 168 at 6–7. Addressing Intervenor-Defendants' arguments, the district court determined that "a district court may vacate an agency's action without first making a determination on the merits." *Id.* (quoting *In re Clean Water Act Rulemaking*, 568 F. Supp. 3d 1013, 1022 (N.D. Cal. 2021)).

19. On July 21 and July 22, 2022, each set of Intervenor-Defendants appealed from the district court's order and judgment, in each of the three cases—initiating the above-captioned appeal, along with eight others. *See* ECF Nos. 170, 172, 174–175.[4] Intervenor-Defendants then jointly moved for a stay of the district court's July 5, 2022, order, pending resolution of their appeals. *See* ECF No. 171.

20. The above-captioned appeal was docketed on July 25, 2022. *See* Dkt # 1-1.

### Plaintiffs' Federal Rule of Civil Procedure 59(e) Motion

21. On July 28, 2022, Plaintiffs filed a motion pursuant to Federal Rule of Civil Procedure 59(e). ECF No. 180. In that motion, Plaintiffs asked the district court to alter or amend its July 5, 2022, order and judgment, and enter a merits decision finding that the 2019 Rules were promulgated in violation of NEPA. ECF No. 180 at 13–15. Plaintiffs also requested that any remand be conducted according to a schedule and one-year deadline. *Id.* at 16.

---

[4] The nine appeals initiated are: *Center for Biological Diversity v. Haaland*, Ninth Cir. No. 22-16091; *Center for Biological Diversity v. Haaland*, Ninth Cir. No. 22-16092; *Center for Biological Diversity v. Haaland*, Ninth Cir. No. 22-16093; *California v. Haaland*, Ninth Cir. No. 22-16094; *California v. Haaland*, Ninth Cir. No. 22-16095; *California v. Haaland*, Ninth Cir. No. 22-16096; *Animal Legal Defense Fund v. Haaland*, Ninth Cir. No. 22-16097; *Animal Legal Defense Fund v. Haaland*, Ninth Cir. No. 22-16098; and *Animal Legal Defense Fund v. Haaland*, Ninth Cir. No. 22-16100.

22. On August 22, 2022, this Court entered an order holding Intervenor-Defendants' appeals in abeyance, pending resolution of Plaintiffs' Rule 59(e) motion. *See* Dkt # 19 at 3 (citing Fed. R. App. P. 4(a)(4)).

**Intervenors-Defendants' Petition for Writ of Mandamus**

23. On August 31, 2022, Intervenor-Defendants jointly petitioned this Court to issue a writ of mandamus ordering the district court to set aside its July 5, 2022, order and judgment to the extent it vacated the 2019 Rules. *See* Petition for Writ of Mandamus, *In re Wash. Cattlemen's Ass'n*, No. 22-70194 (9th Cir. Aug. 31, 2022), Dkt # 1-2.

24. In support of that Petition, Intervenor-Defendants argued that the district court had clearly erred by vacating the 2019 Rules without first adjudicating the merits of Plaintiffs' claims. *See id.* at 25–32.

25. On September 21, 2022, a panel of this Court agreed that it was "apparent that the district court in its July 5, 2022 Order clearly erred in vacating the 2019 Rules without ruling on their legal validity." *See in re Wash. Cattlemen's Ass'n*, No. 22-70194, 2022 WL 4393033, at *1 (9th Cir. Sept. 21, 2022) (citing *Louisiana v. Am. Rivers*, 142 S. Ct. 1347 (2022)). The panel granted Intervenor-Defendants' Petition in part, and stayed the district court's July 5, 2022, order and judgment, pending resolution of Plaintiffs' Rule 59(e) motion. *See id.*

7

**The District Court's November 16, 2022, Amended Order and Judgment**

26. On November 16, 2022, the district court granted Plaintiffs' Rule 59(e) motion. ECF No. 197. The district court declined to enter a decision on the merits of Plaintiffs' NEPA claims, ECF No. 197 at 5–6, and declined to retain jurisdiction to supervise the remand of the 2019 Rules, ECF No. 197 at 6–7. Instead, the district court amended its order on the grounds that it had "erred in reaching the conclusion that it could vacate the challenged regulations before ruling on the merits of Plaintiffs' claims." ECF No. 197 at 5.

27. The Court then entered an amended order in which it "conclud[ed] that it cannot grant pre-merits vacatur on voluntary remand." ECF No. 198 at 6 (citing *Am. Rivers*, 142 S. Ct. 1347; *In re Wash. Cattlemen's Ass'n*, 2022 WL 4393033). Accordingly, the district court granted the Services' Remand Motion and remanded the 2019 Rules, without vacating them. *See* ECF No. 198.

28. The district court's November 16, 2022, amended order "supersede[s]" the July 5, 2022, order which is the subject of Intervenor-Defendants' appeals. *See* ECF No. 197 at 8. As a result, Intervenor-Defendants are satisfied that the district court has now corrected the errors of law that motivated their appeals, and consider their appeals to be moot.

8

29. The deadline to appeal from the district court's November 16, 2022, amended order and judgment expired on January 17, 2023. *See* Fed. R. App. P. 4(a)(1)(B). No party has filed a notice of appeal, or an amended notice of appeal.

Accordingly, Intervenor-Defendants–Appellants respectfully move that this Court issue an order dismissing the above-captioned appeal. Undersigned counsel has conferred with counsel for Plaintiffs–Appellees, and counsel for Defendants–Appellees, and has been informed that this motion is unopposed. The parties have agreed that each side shall bear its own costs and fees on appeal.

DATED: February 7, 2023              Respectfully submitted,

STEVE MARSHALL
Attorney General of Alabama

s/ Edmund G. LaCour Jr.
Edmund G. LaCour Jr.
 *Solicitor General*
A. Barrett Bowdre
 *Deputy Solicitor General*
James W. Davis
 *Deputy Attorney General*
OFFICE OF THE ALABAMA ATTORNEY GENERAL
501 Washington Ave.
Montgomery, AL 36130
Telephone: (334) 353-2196
Fax: (334) 353-8400
edmund.lacour@AlabamaAG.gov
barrett.bowdre@AlabamaAG.gov
jim.davis@AlabamaAG.gov

*Counsel for Defendant-Intervenor State of Alabama*

KRIS MAYES
Attorney General of Arizona

L. John LeSueur
 *Assistant Attorney General*
OFFICE OF THE ARIZONA ATTORNEY GENERAL
2005 N. Central Avenue
Phoenix, Arizona 85004
Telephone: (602) 542-0640
E-mail: John.LeSueur@azag.gov

*Counsel for Defendant-Intervenor State of Arizona ex rel. Ariz. Game & Fish Commission*

s/ Paul Beard II
Paul Beard II (SBN 210563)
FISHERBROYLES LLP
5670 Wilshire Blvd., Ste. 1800
Los Angeles, CA 90036-5653
Telephone: (818) 216-3988
Fax: (213) 402-5034
E-mail: paul.beard@fisherbroyles.com

*Counsel for Intervening States*

AUSTIN KNUDSEN
Attorney General of Montana

Christian Corrigan
 *Solicitor General*
MONTANA DEPARTMENT OF JUSTICE
215 N. Sanders St., P.O. Box 201401
Helena, MT 59620-1401
Telephone: (406) 444-3602
Fax: (406) 444-2026
E-mail: christian.corrigan@mt.gov

*Counsel for Defendant-Intervenor State of Montana*

KRIS KOBACH
Attorney General of Kansas

Daniel E. Burrows
 *Chief Deputy Attorney General*
OFFICE OF THE KANSAS ATTORNEY GENERAL
120 SW Tenth Avenue
Topeka, KS 66612-1597
Telephone: (785) 368-8435
E-mail: daniel.burrows@ag.ks.gov

*Counsel for Defendant-Intervenor State of Kansas*

| | |
|---|---|
| MIKE HILGERS<br>Attorney General of Nebraska<br><br>Justin D. Lavene<br>Carlton Wiggam<br>*Assistant Attorneys General*<br>2115 State Capitol<br>Lincoln, NE 68509<br>Telephone: (402) 471-2682<br>E-mail: justin.lavene@nebraska.gov<br>carlton.wiggam@nebraska.gov<br><br>*Counsel for Defendant-Intervenor State of Nebraska* | TREG TAYLOR<br>Attorney General of Alaska<br><br>TIM GRIFFIN<br>Attorney General of Arkansas<br><br>RAÚL LABRADOR<br>Attorney General of Idaho<br><br>ANDREW BAILEY<br>Attorney General of Missouri<br><br>DREW H. WRIGLEY<br>Attorney General of North Dakota<br><br>SEAN D. REYES<br>Attorney General of Utah<br><br>PATRICK MORRISEY<br>Attorney General of West Virginia<br><br>BRIDGET HILL<br>Attorney General of Wyoming |

**Certificate of Compliance with Type-Volume Limitation, Typeface Requirements, and Type Style Requirements**

1. The foregoing document complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) and Ninth Cir. R. 27-1(1)(d) because this document contains 1959 words and does not exceed 20 pages, excluding the parts of the motion exempted by Fed. R. App. P. 27(d) and 32(f).

2. The foregoing document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because:

[X] this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman, or

[ ] this brief has been prepared in a monospaced typeface using Microsoft Word with [state number of characters per inch and name of type style].

DATED: February 7, 2023.

s/ Edmund G. LaCour Jr.
Edmund G. LaCour Jr.

13

## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

s/ Edmund G. LaCour Jr.<br>
Edmund G. LaCour Jr.